DR.LAKSHMI ARUNACHALAM

222 Stanford Avenue, Menlo Park, CA 94025

TEL: (650) 690-0995

FAX: (650) 854-3393

Email: laks22002@yahoo.com

*Pro Se* Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM, | Case No.:15-cv-00024-JD |
| Plaintiff, | **PLAINTIFF DR. LAKSHMI ARUNACHALAM'S OPPOSITION TO DEFENDANT TRULIA, INC.'S MOTION TO DISMISS** |
| v. | |
| TRULIA, INC., | **DATE: 04/01/2015** |
| Defendant | **TIME: 10:00 a.m.** |
| | **COURTROOM: 11, 19th floor, SFO** |
| | **JUDGE: Honorable James Donato** |

COMES NOW the Plaintiff, Dr. Lakshmi Arunachalam ("Dr. Arunachalam"), acting *pro se* on her own behalf, hereby files this Opposition to Defendant Trulia, Inc. ("Trulia")'s Motion to Dismiss.

**MATERIAL FACTS IN DISPUTE:** Plaintiff Dr. Arunachalam certifies that there are genuine issues of material fact in dispute that preclude granting Defendant Trulia's Motion to Dismiss under the standards set forth in FRCP. Dr. Arunachalam identifies the disputed facts that Defendant Trulia relies upon in its memorandum in support of its motion. Because Trulia's Motion is based on these disputed issues of material fact, the Motion should be denied.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**MATERIAL FACTS IN DISPUTE**……………………………………………..i

**STATEMENT OF FACTS**..................................................................................4

**COUNTERSTATEMENT OF DISPUTED MATERIAL FACTS**………………………..4

**CONCLUSION** ..................................................................................18

**PROPOSED ORDER** ………………………………………………… 20

**DECLARATION OF DR. ARUNACHALAM**………………………………………..21

CERTIFICATES OF SERVICE………………………………………………….23

1

## <u>TABLE OF AUTHORITIES</u>

*Teleflex v. KSR* 119 Fed. Appx. 282, 285 (Fed. Cir. 2005) ........................................4

*Amer. Hoist & Derrick v. Sowa*, 725 F.2d 1350, 1358-1360 (Fed. Cir. 1984)………………4

*Candela Laser v. Cynosure*, 862 F.Supp. 632,639 (D. Mass. 1994)…………………………4

Dickenson v. Zurko, 527 U.S. 150 (1999)……………………………………………………4

293 U.S. at 7………………………………………………………………………………...5

*Austin Machinery Co. v. Buckeye Traction Ditcher Co.* (C.C.A.) 13 F.(2d) 697,

700. 293 U.S. at 7-8………………………………………………………………………...5

*BlonderTongue Laboratories, Inc. v. University of Illinois Foundation*……………………..7

*Ohio Willow Wood Co. v. Alps S.,* LLC, 735 F.3d 1333, 1342, 2013 BL 316646,

108 U.S.P.Q.2d 1745 (Fed. Cir. 2013) (87 PTCJ 171, 11/22/13)…………………………8

*Research in Motion Corp. v. WiLan USA Inc.,* IPR2013-00126, Paper No. 10, at 13

(PTAB June 20, 2013)……………………………………………………………………..8

<u>California Supreme Court</u> case *Bernhard v. Bank of America* 19 Cal.2d 807,

122 P.2d 892 (1942)………………………………………………………………………17

Restatement of the Law 2d – Judgments. §§29, 28……………………………………..…..18

See *Triplett* v. *Lowell,* 297 U. S. 638 (1936)……………………………………………….18

In *Mississippi Chem*, *v. Swift Agricultural Chem. Corp*., 717 F.2d 1374 (Fed. Cir. 1983)……18

## <u>TABLE OF STATUTES</u>

(Pub. L. No. 94-593, 66 Stat. 792.  35 U.S.C. § 282)................................................4

**STATEMENT OF FACTS**

1. Dr. Arunachalam reserves the right to later dispute any and all material facts identified by Trulia not specifically addressed herein.

2. In federal district court, a patent carries a presumption of validity. Trulia, as the challenger, has failed to show by clear and convincing evidence that the '339 patent is invalid.

3. **COUNTERSTATEMENT OF DISPUTED MATERIAL FACTS**:

4. Trulia states: "…The patent identified in the complaint is invalid." Doc19 at 6. This fact is DISPUTED. The 8,271,339 ("'339") patent is valid. It has not been proven invalid by any court. Trulia's bald assertion has no foundation in fact or the law. Trulia has not met the burden of proof by clear and convincing evidence, the current standard of proof necessary to invalidate an issued patent. In *Teleflex v. KSR* 119 Fed. Appx. 282, 285 (Fed. Cir. 2005), the Federal Circuit remanded, as KSR "must prove by clear and convincing evidence that each claim that is challenged cannot reasonably be held to be non-obvious." The statutory requirement is that "A patent is presumed valid. The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." (Pub. L. No. 94-593, 66 Stat. 792. 35 U.S.C. § 282). This puts a permanent burden of going forward imposed on the challenger of a patent. *Amer. Hoist & Derrick v. Sowa*, 725 F.2d 1350, 1358-1360 (Fed. Cir. 1984). Judge Rich, one of the principal authors of the Patent Act of 1952, stated: "In addition to the presumption of validity, a presumption of administrative correctness attaches to the decision by the PTO to issue a patent." *Candela Laser v. Cynosure*, 862 F.Supp. 632,639 (D. Mass. 1994). "The presumption of administrative correctness requires heightened deference to the fact finding of the examiner, as stated in the prosecution history of the patent application." Dickenson v. Zurko, 527 U.S. 150 (1999) "A patent regularly

issued…is presumed to be valid until the presumption has been overcome by convincing
evidence of error." Res judicata and the language of the patent statute failed to impose the
outcome of previous decisions among parties under a different name, even if no new
evidence would arise in subsequent litigation. The judgments in the suits between Pi-Net and
J.P. Morgan Chase & Co. and their respective assignees are not conclusive upon Trulia, a
stranger to the record. This is so by force of the accepted limitations of the doctrine of res
judicata. 293 U.S. at 7. The presumption of the validity of the patent is such that the defense
of the challenger, Trulia, must be established by the clearest proof– – perhaps beyond
reasonable doubt. Austin Machinery Co. v. Buckeye Traction Ditcher Co. (C.C.A.) 13 F.(2d)
697, 700. 293 U.S. at 7-8. Trulia, who is an infringer, assails the validity of the '339 patent
fair upon its face and bears a heavy burden of persuasion, and fails to show evidence that has
more than a dubious preponderance. (293 U.S. at 8). Trulia has failed to show proof that is
clear, satisfactory, and beyond a reasonable doubt. Trulia's arguments are tortured, yet
flimsy, fabricated outright, to build up their defense and goes far to justify the popular
impression that the inventor may be treated as the lawful prey of the infringer. Trulia bears
the burden of proof and also bears a heavy burden of persuasion. Trulia fails in both. Trulia
has not met the clear and convincing evidentiary standard for showing patent invalidity. The
'339 patent has not been adjudicated at all for validity and has not yet been subject to
repeated review in both administrative and judicial forums, the patent should not be stricken
down except upon very clear and convincing proof of invalidity. The statutory presumption
of validity must prevail. Reasonable doubt on the issue of validity must be resolved in favor
of the patent holder. The strict standard of proof is necessary when unusual factual
circumstances, by their very nature, require it. The '339 patent is presumptively valid. This

presumption can be overcome only by clear and convincing evidence, with the burden of persuasion remaining upon the party asserting invalidity. Standard of proof relates to specific factual questions. While undoubtedly certain facts in patent litigation must be proved by clear and convincing evidence, the formulation of a legal conclusion on validity from the established facts is a matter reserved for the court. As a reviewing court, this court must determine not only that the facts on which a judgment of validity or invalidity is based are satisfactorily established, but also whether those facts form an adequate predicate for the legal conclusion ultimately made. Trulia fails to identify the "certain facts" that "must be proved by clear and convincing evidence." The Court must conclude that with respect to the claims in the '339 patent, which Trulia asks the Court to hold invalid, there is no evidence of record on which to base that conclusion. When facts have not already been adjudicated, either in an earlier court case or perhaps by the Patent Office, clear and convincing evidence is always required to prove patent invalidity. The burden is on the attacker. This burden never shifts.  Circuit Judge Rich explained: "Having made it clear who bears the burden of proof in any patent invalidity determination (the alleged infringer, always, with that burden never shifted to the patent owner)." Judge Rich goes on to discuss the level of proof needed. An attacker has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job to issue only valid patents. For evidence already considered by the Patent Office, the presumption of administrative correctness requires a higher burden of persuasion: clear and convincing evidence that the Patent Office was in error in its fact-finding. There will be many facts that go into the mix used to determine whether, as a matter of law, a patent is invalid. One wishing to invalidate a patent should have to provide clear and convincing evidence where it runs counter to the

fact-finding of the patent examiner, because of the presumption of administrative correctness and the deference it commands. one is not determining a single fact based on clear and convincing evidence, but a number of facts, each of which can have their own evidentiary burden, that form the basis of a conclusion of law regarding validity. Based on all the findings of fact, each meeting its evidentiary threshold, patent invalidity for obviousness (or other reasons) can then be determined as a matter of law. Clear and convincing is the current standard of proof necessary to invalidate an issued patent. This heightened standard of proof applies even when respondent bases the claim of invalidity on evidence not previously considered by the patent office. <u>Trulia has stretched the JPMorgan Ruling related to the '500, '492 and '158 patents, **not** the '339 patent,  far beyond its facts, with no support given for such expansion.</u> For a court to give preclusive effect to an issue of fact or law, the following elements must be satisfied (1) the issue is identical to one decided in the first action, (2) the issue was actually litigated in the first action, (3) resolution of the issue was essential to a final judgment in the first action, and (4) the party against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the first action. As the Supreme Court held in BlonderTongue Laboratories, Inc. v. University of Illinois Foundation, collateral estoppel only applies, as long as the plaintiff had a full and fair opportunity to litigate the validity of its patent. The validity of the '339 patent has not yet been litigated. The JPMorgan case addressed the '500, '492 and '158 patents, not the '339 patent.  Neither Pi-Net nor Dr. Arunachalam had a full and fair opportunity to litigate the validity of the '500, '492 and '158 patents, let alone the '339 patent. Collateral estoppel is one of two species of res judicata. The other species of res judicata is claim preclusion, which estops a party from re-litigating a legal claim that was already, or could have reasonably been, litigated against the <u>same party</u>.

Collateral estoppel is generally regarded as a procedural issue and is therefore governed by regional circuit law except as to those aspects of the determination that involve substantive issues of patent law, which are governed by Federal Circuit law. See Ohio Willow Wood Co. v. Alps S., LLC, 735 F.3d 1333, 1342, 2013 BL 316646, 108 U.S.P.Q.2d 1745 (Fed. Cir. 2013) (87 PTCJ 171, 11/22/13)

5. Even the PTO does not hold preclusive a district court's non-final holding of claim invalidity or unenforceability, because such a judgment lacks finality for purposes of collateral estoppel. In Research in Motion Corp. v. WiLan USA Inc., IPR2013-00126, Paper No. 10, at 13 (PTAB June 20, 2013) ("[T]he Board may itself interpret a claim term as a matter of law notwithstanding what is or is not argued by a party. The Board's conclusion is not subject to any restriction based on a party's contentions in another proceeding or even this proceeding.") This Court may itself interpret a claim term as a matter of law notwithstanding what is or is not argued by a party. The PTO will not consider a district court's judgment as sufficiently "final" for purposes of preclusion until all pending appeals have been resolved. In the PTO's view, the judgment must be "immune, as a practical matter, to reversal or amendment." In federal district court, a patent carries a presumption of validity, and the challenger must show by clear and convincing evidence that the patent is invalid. By contrast, no such presumption exists in the PTO, and a petitioner need only show that the patent is invalid by a preponderance of the evidence.

6. Trulia states: "Dr. Arunachalam is collaterally estopped from asserting it here. The prior owner …Pi-Net International…has already conceded in prior litigation that the patent-in-suit is invalid in view of a judgment entered by … Delaware." Doc. 19 at 6. This fact is DISPUTED.  Pi-Net did *not* concede that the '339 patent is invalid.  The JPMorgan judgment

relates to the '500, '492 and '158 patents, **not** to the '339 patent. Staying the Fulton Bank case would have only applied to the patents in the JPMorgan judgment, namely, '500, '492 and '158 patents, but would not apply to the '339 patent. The '339 patent has never been adjudicated previously for invalidity.

7.  Trulia states: "Delaware …summary judgment … also applies directly to the claims of the patent-in-suit—as Plaintiff's …company freely acknowledged in another action." Doc. 19 at 6.  This fact is DISPUTED.  The DE Judgment relates to the '500, 492 and '158 patent, **not** to the '339 patent. Pi-Net did not state that the Delaware Judgment applies to the claims of the '339 patent.

8.  Trulia states: "Arunachalam fired and sued Pi-Net's lawyer, moved for recusal of every District of Delaware judge … with the case, transferred… patents into her own name... filed … improper papers … PTAB …revoking her access to its electronic filing system… complaint with D.C. Bar against four judges and the clerk of the Federal Circuit." Doc.19 at 6.  This fact is DISPUTED.  Trulia omits key details of events,  intentionally presents Dr. Arunachalam in a bad light and incorrectly, which do not constitute "clear and convincing evidence" to disprove" the presumption of validity" of  the '339 patent. Dr. Arunachalam fired Pazuniak for cause. Pazuniak sued Pi-Net providing frivolous reasons in state court in Delaware. Dr. Arunachalam then sued Pazuniak for malpractice in California Federal District Court, CV: 14-5051-JST. In response, Pazuniak frivolously sued her for libel in Delaware state court, based on privileged statements made in Court filings protected under the First Amendment petition clause. Dr. Arunachalam has filed an anti-SLAPP motion to strike Pazuniak's complaint in DE Superior Court. Dr. Arunachalam moved for recusal of those judges who had relationship and financial conflicts of interest in the litigant, J.P. Morgan. Dr.

Arunachalam asked for an impartial tribunal. Dr. Arunachalam asked the DE District Court to respect her constitutional right to appear *pro se*, as Pazuniak interfered with every lawyer whom Dr. Arunachalam hired. Pazuniak played obstructionist tactics, still persists in his vexatious malicious prosecution. Pazuniak has been stalking Dr. Arunachalam who is 67 years old. Dr. Arunachalam has asked the Court to extend her protection from Pazuniak's threats and stalking. As Pazuniak played obstructionist tactics with her lawyers, she was forced to litigate *pro se* and she therefore, transferred the patents to her name, so that she could appear *pro se* in Court. Trulia incorrectly reports that "she has filed so many improper papers" at the PTAB and mischaracterizes her as a vexatious litigant. Trulia deliberately omits to report that PTAB Judge McNamara had direct stock in Microsoft and other financial conflicts of interests in litigants and in at least the petitioner, SAP and Third Party Requester, Microsoft.  Dr. Arunachalam filed a paper asking Judge McNamara to recuse himself. In response, he denied her due process and denied her the ability to file electronically at the PTAB, to be addressed in the Federal Circuit during the Appeal. This should void his judgments at the PTAB, for holding stock, not just mutual funds, in the litigants and refusing to recuse himself.  Trulia, in its omission of key facts,  distorts the truth  in order to mischaracterize Dr. Arunachalam's singular efforts to extricate herself from being a victim of fraud and stalking by her own lawyer.  Dr. Arunachalam  wrote an amicus curiae brief to CAFC on the Leader v. Facebook case, and  discovered that her  documents had been removed from the docket, and tellingly, Jan Horbaly resigned, and Judge Rader resigned, and his relationship with Reines became publicly  notorious. Whether Dr. Arunachalam filed complaints with the D.C. Bar against Judges or of the Clerk of the Court is irrelevant to

Trulia failing to provide clear and convincing evidence to overcome the presumption of validity of the '339 patent.

9. Trulia states: "This Court need not offer Arunachalam yet another venue to pursue frivolous claims. The patent-in- suit is invalid as a result of issues conclusively decided by the Delaware court, and this case should be dismissed on that basis." Doc. 19  at 6.  This fact is DISPUTED. Nothing could be farther from the truth.  Trulia has not met the burden of proof and has not offered any "clear and convincing evidence" to overcome the presumption of validity of the '339 patent. That  Trulia is an infringer of Dr. Arunachalam's patent is not a frivolous claim. The patent-in-suit, the '339 patent, is valid. The DE Court  adjudicated and issued a Markman ruling on the '500, 492 and '158 patents, ***not*** the '339 patent.

10. Trulia states: "Arunachalam patents have been asserted in some 118 lawsuits … in her own name and through Pi-Net." Doc. 19 at 7. This fact is DISPUTED. There were not lawsuits against 118 Defendants. Her lawyers litigated under her name, and then wanted her to assign the patents to Pi-Net. They re-filed  the case against those litigants in Pi-Net's name. So the number of litigants was 28 in Texas, which were filed first in Dr. Arunachalam's name and later re-filed in Pi-Net's name,  Pazuniak filed some 20 cases, which he re-filed. She had some 10 cases in Southern California under Pi-Net.  Hopkins Carley litigated against some 10 credit unions in CA under Pi-Net. Dr. Arunachalam has fundamental horizontal patents on real-time Web transactions from Web applications.

11. Trulia states in the footnote at Doc. 19 at 7: "This Court may consider statements of fact made in briefs by Pi-Net and Arunachalam as binding." This fact is DISPUTED. Trulia presents statements that were not made by Pi-Net or Dr. Arunachalam. The issue of collateral estoppel is an issue of law, ***not*** what was stated by Pazuniak, Clem Roberts or Zac Cox.

12. Trulia states at Doc. 19 at 8: "JPMorgan… summary judgment that the asserted patents were invalid… (1) their indefinite claim language, (2) their lack of enablement, and (3) their lack of adequate written description." This fact is DISPUTED. While JPMorgan alleged that the patents are invalid and moved for summary judgment on alleged indefiniteness, lack of enablement and lack of written description, as alleged by JPMorgan, the claim terms are ***not*** indefinite, as there is full support in the specification for the meaning of those claim terms, there is enablement and written description and diagrams. Judge Robinson ruled incorrectly on every count. This is the subject of the Appeal in the Federal Circuit. The Court adopted the false statements provided by JPMorgan's expert witness. Trulia's attempts at prejudicing the Plaintiff in the eyes of the Court, do not meet its burden of proof of providing clear and convincing evidence.

13. Trulia states in Doc. 19 at 8: "specification describes . . . 'point-of-service applications' by block diagrams …'Bank 510(1)… Pizzeria 510(3),' …no … description of … requests for service available to a user." This fact is DISPUTED. The patent specification and diagrams and prosecution history teach every single aspect of the inventions.

14. Trulia states at Doc.19 at 8: "The court also held several means-plus-function terms to be indefinite, including means for switching...means for transmitting… means for processing…computer system executing the back-end transactional application for processing the transaction request in real-time." This fact is DISPUTED. The Court ruled incorrectly. Prosecution history estoppel prevents changes to what had been originally agreed to between the inventor and the original examiner, as being the structures for these terms.

15. Trulia states at Doc. 19 at 9: ""The specification . . . lacks any details as to how the VAN switch would accomplish… user to connect to a point-of-service application… specification

only offers a block diagram of a 'back-office,' generally identifying a system and applications. Nowhere in the specification … indicate that she had … a system or the applications that process the user's request…The crux of the invention is 'real-time' transactions for the user; there is no disclosure of how these occur." This fact is DISPUTED. The Court ruled incorrectly. The "back office" system and applications is ***not*** what Dr. Arunachalam invented, which have existed for eons of years. The specification at column 5 clearly states that dial-up networks with modems existed, but Web transactions from Web applications did not exist prior to Dr. Arunachalam's inventions. The patent specification clearly discloses how a real-time Web transaction from a Web application occurs.

16. Trulia states in Doc 19 at 9: "Fulton moved to dismiss in view of the collateral estoppel effect of the JP Morgan judgment--just as Trulia does here..."  This fact is DISPUTED. The JP Morgan Markman Ruling only relates to the '500, '492 and '158 patents, not to the '339 patent. Collateral estoppel clearly does not relate to the '339 patent, which has never been through a Markman hearing or adjudicated for invalidity.

17. Trulia states at Doc. 19 at 10: "Pi-Net agreed that the JPMorgan invalidity judgment collaterally estopped … '339 patent unless that judgment … vacated…Judge Andrews dismissed the complaint on the basis of collateral estoppel…" This fact is DISPUTED. Trulia has not offered any "clear and convincing evidence" to overcome the statutory presumption of validity of the '339 patent. The issue of collateral estoppel is a matter of law, not one of Pazuniak's statement or opinion that have no basis in law or facts or Clem Roberts or Zac Cox's incorrect extrapolations of the facts. Judge Andrews did not state that he dismissed the case on the basis of collateral estoppel.

18. Trulia states in Doc. 19 at 10: "Every single claim that the PTO has re-reviewed …

unpatentable…not confirmed the patentability of *any* challenged claim of *any* of the patents ….PTAB … imposed sanctions terminating Arunachalam's access to … electronic … numerous spurious filings." This fact is DISPUTED.  To the contrary, Dr. Arunachalam's 7,340,506 patent was recently re-issued with 2 claims allowed in an inter-partes re-exam against Microsoft.  Dr. Arunachalam's 5,778,178 patent re-emerged successfully out of the re-exam with 8 claims allowed.  Dr. Arunachalam made no "spurious filings" at the PTAB. To the contrary, she moved for Judge McNamara to recuse because he had direct stock in Microsoft, the Third Party Requester and Petitioner. PTAB Judge denied Dr. Arunachalam due process.

19. Trulia states in Doc. 19 at 10-11: "Collateral Estoppel Prevents the Relitigation of Previously-Decided Issues… Finding that a Patent is Invalid…party is estopped from re-litigating validity by reasserting that same patent against a different party." This fact is DISPUTED. Trulia obfuscates by confusing the audience on the '500, '492 and '158 patents which went through a Markman Ruling in DE from the '339 patent, which has not. She has asserted a completely different patent, the '339 patent, against Trulia, not re-asserted the '500, '492 or '158 patents. Trulia cannot show that  the '339  patent was found invalid in a prior case that had proceeded through final judgment  nor one in which all procedural opportunities were available to the patentee; nor  that the issues litigated were identical; nor that the party against whom estoppel is applied had a full and fair opportunity to litigate. The simple reason is the '339 patent has not been litigated to Markman Hearing yet and the case did not proceed through final judgment and has not been found invalid in any prior case. Patentee was not afforded all procedural opportunities and did not have a full and fair opportunity to litigate. The judgment on the '500, '492 and '500 patents have to be voided

because the Judges in DE on those cases had relationship and financial conflicts of interest in the litigants and did not recuse themselves. No issues were litigated previously to be identical. The '339 patent is valid. The statutory presumption of validity holds. Trulia has not met its burden of showing "clear and convincing evidence" to overcome the presumption of validity.

20. Trulia states in Doc. 19 at 12: "…Arunachalam Is Bound by the JPMorgan Judgment …as Pi-Net…Arunachalam controlled the JPMorgan litigation… had her day in court…" This fact is DISPUTED. Trulia obfuscates by mixing issues. The patent-in-suit in the Trulia case is the '339 Patent, not the '500, '492 and '158 patents that are the subject of the JPMorgan Judgment. Dr. Arunachalam was suffocated by Pazuniak, she did not control the JPM litigation. Dr. Arunachalam has not had her day in court on her valuable patents. Judge Robinson's Ruling has to be voided, due to the Judges' financial and relationship conflicts of interest.

21. Trulia states in Doc. 19 at 13: "Arunachalam Is Judicially Estopped from Recanting Pi-Net's Acknowledgment… JPMorgan Judgment Applies to the '339 Patent… Plaintiff herself said so in the Fulton case… not … permitted to take the opposite position—that the '339 patent remains valid—… assert infringement of the '339 patent against Trulia … Multiple …Issues Decided by the JPMorgan Court …'339 Patent Invalid… prevent … abuse of the patent system that Arunachalam is perpetrating…provisional application…20 years ago,… Arunachalam patents that share the '339… specification … use more words to *claim* exclusive rights than … *describing* the invention." This fact is DISPUTED. Trulia has not advanced any "clear and convincing evidence" that overcomes the statutory presumption of validity of the '339 Patent. The '339 patent was not adjudicated to Markman hearing to be

deemed invalid,  is not governed by the JP Morgan Judgment, as the '339 Patent claims are different from the claims in the  '500, '492 and '158 patents.  Dr. Arunachalam has demonstrated that she did not have 'a fair opportunity procedurally, substantively and evidentially' to pursue her claim the first time, in the '500, '492 and '158 patents that went to Markman Hearing, the case was not presided over by an impartial tribunal. The Judges' financial and relationship conflicts of interest void the JPMorgan judgment.

22. Trulia states at Doc. 19 at 15-17: "slightly different language to describe … same invention… "service network"…indefinite'339's claims invalid... lack…written description." This fact is DISPUTED. The '339 patent claims different inventions from the claims of the '500, '492 and '158 patents.   The JPMorgan Judgment does not dispose of issues that are present in the '339 claims and they are not identical to those in the '500, '492 and '158 patents. The term "service network" has a clear-cut definition in the specification. The Judge was influenced incorrectly by JP Morgan's expert witness, who misled the Court with technical  misinformation. The specification describes adequately the invention. The 'back office' of an enterprise, which has existed for eons of years, is not Dr. Arunachalam's invention.

23. Claim preclusion, estops a party from relitigating a legal claim that was already, or could have reasonably been, litigated against the same party. The estoppel provision does not estop unrelated third parties involved in district court litigation involving the same patents. Patent owner did not have  a full and fair opportunity to litigate the issue of validity in the district court and the district court's finding that a patent is invalid is not by clear and convincing evidence. Collateral estoppel cases raise constitutional due process problems, particularly when it is applied to a party that did not participate in the original suit. Every disputant is

entitled to a day in court and cannot ordinarily be bound by the negative result of another disputant's suit, even if that other disputant had exactly the same legal and factual arguments. Due process concerns also can arise even when a party did have a day in court to dispute an issue. For example, a defendant may have not effectively litigated an issue decided against the defendant in an earlier suit because the damages were too small, so it may be unjust to bar the defendant from relitigating the issue in a trial for much greater damages.

24. California Supreme Court case *Bernhard v. Bank of America* 19 Cal.2d 807, 122 P.2d 892 (1942) concluded that it was proper for a new party to take advantage of findings in a previous suit to bar action by a party of that suit. In order for CE to apply, four factors must be met: The issues in the second suit are the same as in the first suit; The issues in the first suit must have been actually litigated; The issues in the first suit must have been actually decided; The issues must have been necessary to the court's judgment. For *res judicata* to be binding, several factors must be met: identity in the thing at suit; identity of the cause at suit; identity of the parties to the action; identity in the designation of the parties involved; whether the judgment was final; whether the parties were given full and fair opportunity to be heard on the issue. Claim preclusion bars a suit from being brought again on an event which was the subject of a previous legal cause of action that has already been finally decided between the parties or those in privity with a party. Issue preclusion bars the relitigation of issues of fact or law that have already been necessarily determined by a judge or jury as part of an earlier case. It is often difficult to determine which, if either, of these concepts apply to later lawsuits that are seemingly related, because many causes of action can apply to the same factual situation and *vice versa*. Sometimes merely part of the action will be affected. For example, a single claim may be struck from a complaint, or a single

factual issue may be removed from reconsideration in the new trial. There are limited

exceptions to *res judicata* that allow a party to attack the validity of the original judgment,

even outside of appeals. These exceptions—usually called collateral attacks—are typically

based on procedural or jurisdictional issues, based not on the wisdom of the earlier court's

decision but its authority or on the competence of the earlier court to issue that decision. In

matters involving due process, cases that appear to be *res judicata* may be re-litigated.

25. Restatement of the Law 2d – Judgments. §29 considers non-mutual issue preclusion and

indicates that "other circumstances [may] justify affording [a would-be precluded party] an

opportunity to relitigate the issue. The circumstances to which considerations should be

given include those enumerated in § 28 and also whether . . . (4) The determination relied on

as preclusive was itself inconsistent with another determination of the same issue." The notes

following §29 suggest two prior inconsistent outcomes "may have been based on equally

reasonable resolutions of doubt as to the probative strength of the evidence or the appropriate

application of a legal rule to the evidence. That such a doubtful determination has been given

effect in the action in which it was reached does not require that it be given effect against the

party in litigation against another adversary." See *Triplett* v. *Lowell,* 297 U. S. 638 (1936).

26. In *Mississippi Chem*, v. *Swift Agricultural Chem. Corp*., 717 F.2d 1374 (Fed. Cir. 1983)  the

Federal Circuit held that prior inconsistent judgments serve as a "red flag warning" for the

court to more carefully consider whether the patentee had a full and fair opportunity to

litigate the issue in the case that resulted a finding of invalidity, if the court adequately

comprehended and applied the appropriate substantive standards.

27. **CONCLUSION:** For at least the reasons noted above, Defendant Trulia's  Motion to

Dismiss should be denied.

Respectfully submitted,

Date: March 12, 2015                    Dr. Lakshmi Arunachalam
                                        Individual, Inventor
                                        and Assignee of Patents-in-Suit

222 Stanford Avenue
Menlo Park, CA 94025                    *Pro-Se* Plaintiff
Tel: 650.690.0995
Email: laks22002@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM, | Case No.: CV 14-5051-JST |
| Plaintiff, | **PLAINTIFF DR. LAKSHMI ARUNACHALAM'S OPPOSITION TO DEFENDANT TRULIA, INC.'S MOTION TO DISMISS** |
| vs. | |
| TRULIA, INC., | **DATE: 04/01/2015** |
| Defendant | **TIME: 10:00 a.m.** |
| | **COURTROOM: 11, 19th floor, SFO** |
| | **JUDGE: Honorable James Donato** |

**ORDER**

**NOW TO WIT,** this day of _____, 2015, Defendant Trulia, Inc.'s Motion to Dismiss be denied.

**IT IS SO ORDERED.**

_____

Judge

DR.LAKSHMI ARUNACHALAM
222 Stanford Avenue, Menlo Park, CA 94025

TEL: (650) 690-0995

FAX: (650) 854-3393

Email: laks22002@yahoo.com

*Pro Se* Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>vs.<br><br>TRULIA, INC.,<br><br>Defendant | Case No.: CV 14-5051-JST<br><br>**PLAINTIFF DR. LAKSHMI ARUNACHALAM'S OPPOSITION TO DEFENDANT TRULIA, INC.'S MOTION TO DISMISS**<br><br>**DATE: 04/01/2015**<br><br>**TIME: 10:00 a.m.**<br><br>**COURTROOM: 11, 19th floor, SFO**<br><br>**JUDGE: Honorable James Donato** |

## DR. ARUNACHALAM's DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS BY DEFENDANT TRULIA, INC.

I, Dr. Lakshmi Arunachalam, declare:

1.  I am an individual residing at 222 Stanford Avenue, Menlo Park, CA 94025. I am a

    citizen of California and of the U.S.A.

2.  I am the inventor and assignee of the patents-in-suit.

3.  I submit this declaration in support of Plaintiff's Opposition to Motion to Dismiss filed by Defendant TRULIA, INC..

4.  I have personal knowledge of the information set forth herein, all of which is true and correct of my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

5.  I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct, and this declaration was executed on March 12, 2015.

Date: March  12, 2015

*Lakshmi Arunachalam*

_____

Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
650.690.0995
Laks22002@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>                       Plaintiff,<br><br>vs.<br><br>TRULIA, INC.,<br><br>                   Defendant | Case No.: CV 14-5051-JST<br><br>**PLAINTIFF DR. LAKSHMI ARUNACHALAM'S OPPOSITION TO DEFENDANT TRULIA, INC.'S MOTION TO DISMISS**<br><br>**DATE: 04/01/2015**<br><br>**TIME: 10:00 a.m.**<br><br>**COURTROOM: 11, 19th floor, SFO**<br><br>**JUDGE: Honorable James Donato** |

## CERTIFICATE OF SERVICE on Defendant TRULIA, INC.

I, Dr. Lakshmi Arunachalam, do hereby certify that on March 12, 2015, I served a copy of the foregoing via electronic mail to counsel of record Clem Roberts at croberts@dureytangri.com and Zac Cox at zcox@ dureytangri.com, for Defendant TRULIA, INC. of the attached "PLAINTIFF DR. LAKSHMI ARUNACHALAM'S OPPOSITION TO DEFENDANT TRULIA, INC.'S MOTION TO DISMISS," DR. ARUNACHALAM's DECLARATION IN SUPPORT THEREOF, and the proposed ORDER.

*Lakshmi Arunachalam*

DATED: March 12, 2015                 Dr. Lakshmi Arunachalam